**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

EDWARD TYRONE BALLARD, on his own behalf and others similarly situated,

Plaintiff,

vs. Case No. 3:12-cv-988-J-34JRK

SUPERSTAR JEWELRY, INC., a Florida corporation, and GREGORY BLUE, individually,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, Superstar Jewelry, Inc. and Gregory Blue (Doc. No. 18; "Motion"), filed January 9, 2013. The Motion was referred to the undersigned for preparation of a report and recommendation regarding an appropriate resolution of the Motion. In the Motion, Plaintiff seeks entry of a default judgment against Defendants because Defendants have failed to timely respond to the Complaint. See Motion at 2. Attached to the Motion is a Declaration of Camar R. Jones, Esquire (Doc. No. 18-1; "Declaration of Counsel").

After initially reviewing the Motion, the Court identified three (3) concerns that required a response from Plaintiff before a recommendation could be made regarding the Motion. See Order (Doc. No. 21), entered June 21, 2013. To address those concerns, on June 28, 2013,

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Plaintiff filed a Notice of Compliance with the Court's Order dated June 21, 2013 (Doc. No. 22) that contains four (4) exhibits: 1) a Declaration of Edward Tyrone Ballard (Doc. No. 22-1; "Plaintiff's Declaration"); 2) a Declaration of Camar R. Jones, Esq. (Doc. No. 22-2; "Supplemental Declaration of Counsel"); 3) Shavitz Law Group, P.A. Time Listing (Doc. No. 22-3; "Time Sheet dated June 28, 2013");[2] and 4) Shavitz Law Group, P.A. Time Listing (Doc. No. 22-4; "Time Sheet dated June 27, 2013").[3]  Plaintiff also filed a Servicemembers Civil Relief Act Affidavit (Doc. No. 23) on July 8, 2013.

## I.  Background

Plaintiff initiated this action on September 7, 2012 by filing a one-count Complaint and Demand for Jury Trial (Doc. No. 1; "Compl.") for "Recovery of Overtime Compensation." Compl. at 3-4 (capitalization omitted).  Service of process was perfected on Defendants on September 26, 2012.  See Returns of Service (Doc. Nos. 5, 6), filed October 5, 2012. Although Defendants were initially represented by counsel, Defendants' counsel were permitted to withdraw prior to a responsive pleading being filed.  See Amended Order (Doc. No. 12), entered November 1, 2012.  Defendant Superstar Jewelry was advised that it could only appear in this matter through counsel, and it was directed to obtain counsel and have counsel file a notice of appearance.  Id.  Additionally, Defendants were directed to file a response to the Complaint.  Id.

Defendant Superstar Jewelry did not obtain counsel, and no response was filed on behalf of either Defendant; therefore, Plaintiff sought entry of a clerk's default against both

---

[2]     The June 28, 2013 date is found in the upper left-hand corner of the document.

[3]     The June 27, 2013 date is found in the upper left-hand corner of the document.

Defendants on January 2, 2013. See Motion for Clerk's Default (Doc. No. 14). The Clerk entered default against Defendants on January 7, 2013. See Entry of Default (Doc. No. 16). Thereafter, the instant Motion was filed. On January 28, 2013, the Motion was taken under advisement. See Order (Doc. No. 19). Defendant Superstar Jewelry was again advised that it may only appear through counsel, and Defendants were directed to file a response to the Motion. Id. Although given adequate time to file a response to the Motion, Defendants have failed to do so. Accordingly, the Motion is deemed to be unopposed, and this matter is now ripe for consideration.

## II. Applicable Law

Rule 55, Federal Rules of Civil Procedure, provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

## III. Discussion

**Jurisdiction**

This case is properly within the subject matter jurisdiction of this Court. See 28 U.S.C. §§ 1331, 1337; see also 29 U.S.C. § 216(b).[5] The Court must now ensure that Plaintiff has properly stated a cause of action under the FLSA.

**Liability**

To state a cause of action for payment of overtime compensation under the FLSA, a plaintiff must show the following: 1) "the [p]laintiff was employed by the [d]efendant during the time period involved"; 2) "the [p]laintiff was an employee engaged in commerce or in the production of goods for commerce [or was] employed by an enterprise engaged in commerce or in the production of goods for commerce"; and 3) "the [d]efendant failed to pay the [p]laintiff the . . . overtime pay as required by law." Eleventh Circuit Standard Jury Instructions 1.7.1 (2005); see 29 U.S.C. § 207(a)(1).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be

---

[5] In the Servicemembers Civil Relief Act Affidavit (Doc. No. 23), Plaintiff's counsel certifies that Defendant Gregory Blue is not an active member of or a dependent of an active member of the military service of the United States of America. To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id. at 638.

In the Complaint, Plaintiff[6] alleges that he was employed as a jeweler by Defendants. Compl. at 1, 2. He contends that "[a]t all times pertinent to this Complaint, Defendant[] Superstar Jewelry, Inc.[] was an enterprise engaged in commerce or in the production of goods for commerce as defined" by the FLSA; that "Defendant[] Superstar Jewelry, Inc.[] had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce"; and that "the annual gross sales volume of Defendant[] Superstar Jewelry, Inc.[] was in excess of $500,000.00 per annum." Id. at 2 (capitalization omitted). In reference to Defendant Gregory Blue, Plaintiff contends that Defendant Gregory Blue "owns, manages, and/or operates Superstar Jewelry, Inc., and [he] regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of Superstar Jewelry, Inc." Id. at 1-2 (capitalization omitted).

According to Plaintiff, while working for Defendants, his "primary duties were non-exempt in nature, and included polishing jewelry, customer service, sales, and cleaning." Id. at 2. Plaintiff claims that Defendants only paid him his regular salary, "with no additional compensation for overtime hours worked." Id. at 3. He also asserts that Defendants' violation of the FLSA in this regard was "intentional, willful and unlawful." Id. at 4. As relief, Plaintiff seeks "payment of all overtime hours at one and one-half times [his] regular rate of

---

6 Although Plaintiff filed this case on his own behalf and on behalf of others similarly situated, Compl. at 1, no other allegedly similarly situated individuals have joined in this case as a party.

pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate." Id.

Given Defendants' respective defaults, all well-pleaded allegations in the Complaint are accepted as true. Plaintiff has properly stated, through his well-pleaded allegations, a valid cause of action under the FLSA for overtime compensation. Plaintiff, therefore, is entitled to entry of default judgment against Defendants, who should be held jointly and severally liable for the damages.

**Damages**

Before actually entering a default judgment, however, the Court must determine whether a hearing is necessary to decide the amount of damages. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). When the essential evidence regarding damages is before the Court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13. The damages here are capable of mathematical calculation and the essential evidence is before the Court; therefore, no hearing is necessary.

Relating to damages, the FLSA provides as follows: "Any employer who violates the provisions of . . . section 207 [(maximum hours)] of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). To prove damages, "[f]irst, the employee must produce sufficient evidence to prove that he performed work for

which he was improperly compensated and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988) (internal quotation and citation omitted). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Etienne v. Inter-Cnty. Sec. Corp., 173 F.3d 1372, 1375-76 (11th Cir. 1999) (citation omitted). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result [may] be only approximate." Id. at 1376 (citation omitted).

Plaintiff seeks a total of $5600 ($2800 in unpaid overtime + $2800 in liquidated damages). Motion at 2-3. In Plaintiff's Answers to Court Interrogatories (Doc. No. 10; "Answers to Court Interrogatories"), Plaintiff affirms that he "typically worked six (6) days per week, Monday to Saturday, from approximately 11:00 a.m. to 7:00 p.m." Answers to Court Interrogatories at 3. In a section regarding an accounting of his claim, however, Plaintiff indicates that he worked "[a]pproximately ten (10) hours of uncompensated overtime per week on average." Id. Plaintiff's first statement implies that he worked forty-eight (48) hours per week (6 days per week x 8 hours per day), but he calculates his claim as if he worked fifty (50) hours per week.

In his sworn Declaration, Plaintiff explains the apparent inconsistency between his statement regarding the days and hours he worked and his calculation of hours worked. He indicates that "the hours of 11:00am to 7:00pm were the hours Defendants' business was open. Each day [Plaintiff] worked, [he] usually arrived between 10:00am and 10:45am to

prepare to start [his] shift at 11:00am. After the close of business at 7:00pm each day, [he] remained on the premises to do closing work, and left work between 7:15pm and 8:00pm each day." Plaintiff's Declaration at 1. Plaintiff further explains that "[a]lthough the time would amount to between 1.5 and 6 hours each week, for purposes of the Court interrogatories, [he] factored in only an additional 2 hours as lower end estimate because [his] actual arrival and departure times varied each day." Id. Plaintiff assumes for purposes of calculating his claim that the "half time calculation" is appropriate, rather than the time-and-one-half rate.[7] Answers to Court Interrogatories at 4.

Defendants have failed to come forward with any evidence to dispute Plaintiff's calculation of his damages. Therefore, upon review of the filings, the Court finds that Plaintiff is entitled to the damages he seeks ($2800 in unpaid overtime + $2800 in liquidated damages = $5600).

**Attorney's Fees and Costs**

Section 216(b) provides that "in addition to any judgment awarded to the plaintiff or plaintiffs, [a court shall] allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In the Motion, Plaintiff seeks an award of attorney's fees in the amount of $2945 and an award of costs in the amount of $530. Motion at 3. In support of the request for attorney's fees, Plaintiff filed the Declaration of Counsel, the Supplemental Declaration of Counsel, and the Time Sheets.

---

[7] The half-time calculation is "typically used for employees whose hours fluctuate from week to week . . . . [Such e]mployees are compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), and at one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours." Garcia v. Port Royale Trading Co., 198 F. App'x 845, 846 n.1 (11th Cir. 2006); see 29 C.F.R. § 778.114.

The Time Sheet dated June 27, 2013 (Doc. No. 22-4) is labeled "Costs" on the docket. It does not, however, include information relating to the costs of service of process that the Court directed be filed. See Order (Doc. No. 21), at 4. Rather, it appears to be a draft of the hours expended on this matter that was inadvertently filed instead of documentation supporting costs for service of process. The Time Sheet dated June 28, 2013 (Doc. No. 22-3) appears to have been the one intentionally filed by counsel reflecting the hours expended on this matter. Upon review of the Time Sheets, the following discrepancies were found.

First, the Time Sheet dated June 28, 2013 reflects five (5) additional entries that are not included on the Time Sheet dated June 27, 2013. These five (5) additional entries total .5 hours. Second, there is an October 11, 2012 phone call with the client (billed by counsel) for .1 hours found on the Time Sheet dated June 27, 2013, but not on the Time Sheet dated June 28, 2013. Third, there are six (6) entries that are contained on both Time Sheets that are for the identical or nearly identical work; but, on the Time Sheet dated June 28, 2013, the hours expended on these tasks are increased. For example, the sixth entry on each Time Sheet is dated September 5, 2012, and reflects that the paralegal who worked on this case "prepare[d] summonses and correspondence to client [and letter to court and client], civil cover sheet and Correspondence to court and client re filing case." On the Time Sheet dated June 28, 2013, the hours spent for that entry is 1.1 hours; on the Time Sheet dated June 27, 2013, the hours spent for that entry is .7 hours. As a result of these discrepancies, the Time Sheet dated June 28, 2013 reflects that 15.5 total hours were expended on this matter (for a total of $2945–the amount Plaintiff requests), while the Time Sheet dated June 27, 2013 reflects 13.6 total hours were expended (for a total of $2755).

Given these discrepancies and what appears to be some inflation of the hours spent on this matter, the Court uses the Time Sheet dated June 27, 2013 (Doc. No. 22-4) to calculate the award of attorney's fees. Upon review of the filings, specifically the Declaration of Counsel, the Supplemental Declaration of Counsel, and the Time Sheet dated June 27, 2013 (Doc. No. 22-4), the Court finds the hours spent by counsel and the paralegal were reasonably expended, and the hourly rates requested are also reasonable.[8] Plaintiff should be awarded $2755 in attorney's fees.

As to costs, Plaintiff was directed in the June 21, 2013 Order (Doc. No. 21) to file documentation supporting his request for costs for service of process. Plaintiff has failed to do so. Accordingly, the undersigned finds that Plaintiff should only be awarded the cost of filing this action ($350), as this cost is documented on the Court's docket and is appropriately sought. See 28 U.S.C. § 1920.

## IV. Conclusion

After due consideration, it is

**RECOMMENDED**:

1. That Plaintiff's Motion for Entry of Final Default Judgment Against Defendants, Superstar Jewelry, Inc. and Gregory Blue (Doc. No. 18) be **GRANTED in part and DENIED in part**.

---

[8] The Court notes that these hourly rates for the same lawyer and paralegal have been found to be reasonable in this District. See Filippone v. DHD Invs., LLC, No. 6:12-cv-307-Orl-22TBS, 2012 WL 5989644, at *3 (M.D. Fla. Nov. 26, 2012) (unpublished report and recommendation), adopted, 2012 WL 5989514 (M.D. Fla. Nov. 30, 2012) (unpublished order).

2. That the Motion be **GRANTED** to the extent that the Clerk be directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $5600 ($2800 in unpaid overtime + $2800 in liquidated damages) in damages, $2755 in attorney's fees, and $350 in costs.

3. That the remainder of the Motion be **DENIED**.

4. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 16, 2013.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Superstar Jewelry, Inc.
5854 Norwood Ave.
Jacksonville, FL 32208

Gregory Blue
5854 Norwood Ave.
Jacksonville, FL 32208